STANTON vs. CAFFEE and husband.

*September 8 — September 25, 1883.*

PROMISSORY NOTE: EQUITY. *(1)* Note as payment: evidence. *(2) Note construed with mortgage and reformed.*

1. The evidence in this case is *held* not to show that a note, in the amount of which was included the interest due on other notes, was taken in *payment* of such interest, and not to sustain a finding that when the action was commenced there was nothing due on such other notes.
2. A note drawn by filling out a printed blank provided for the payment of interest *after maturity;* also that the failure to pay interest as agreed should make the note wholly due and payable. The condition of the mortgage given to secure the note was the payment of the amount "with ten per cent. per annum, annually," etc. Construing the instruments together in the light of the parol testimony, it is *held* that, to effectuate the intention of the parties, the printed words "after maturity" should be erased from the note.

APPEAL from the Circuit Court for *La Fayette* County.

This action was commenced July 23, 1880, to foreclose two mortgages upon the same land, executed by defendants to plaintiff, each given to secure the payment of their promissory note to plaintiff. The first of these notes is dated November 22, 1875, is for $235, with ten per cent. interest, payable annually, and is made due, by its terms, five years after December 1, 1875. Payment of interest to January 29, 1878, is indorsed on this note. The other note is as follows:

"$175.25.                    WARREN, ILL., January 29, 1878.

"Five years after date we promise to pay to *John E. Stanton*, or order, one hundred and seventy-five 25-100 dollars, for value received, at the Bank of Warren, with interest after maturity at the rate of ten per cent. per annum, payable interest annually. A failure to pay the interest as

herein agreed makes this note wholly due and payable, and the holder may then proceed to collect principal and interest. Secured by mortgage.

"*La Fayette County, Wisconsin.*

"SARAH JANE CAFFEE.
"HENRY B. CAFFEE."

The consideration of the note of January 29, 1878, includes the interest to that date on the other note, which is indorsed thereon; the balance of such consideration being the amount of other claims held by plaintiff against the defendant husband.

May 6, 1879, the last-named defendant made his promissory note to the plaintiff for $51, of which sum $41 was for interest on one or both of the above notes. This note for $51 remains unpaid, except the plaintiff purchased three hogs of the defendant *Henry B.* (probably in November, 1879) for $17.35, and the amount was to apply either on this note for $51 or on the note of November 22, 1874.

It is alleged in the complaint and denied in the answer that the words "after maturity" in the note of January 29, 1878, are there by mistake, and should be stricken out. A reformation of the note in that behalf is prayed. The mortgage of January 29, 1878, is conditioned for the payment of the sum of $175.25, "payable five years from date, with ten per cent. per annum, annually, according to the condition of one certain promissory note," etc.

The findings of the court are as follows: "I find the following facts: That the mistake alleged in the complaint to have occurred in the terms of the note secured by the mortgage for $175, and the alleged mistake in the mortgage, is not established by the proofs in the case, and I therefore determine that they did not occur, and that the instrument cannot be reformed. *Second.* I find that at the commencement of this action there was nothing due the plaintiff, either for principal or interest. As conclusions of law I find that

the action should be dismissed, and that defendants recover their costs in this action."

Judgment for the defendants was entered accordingly, from which the plaintiff appealed.

*Henry S. Magoon*, for the appellant, argued, among other things, that the taking of a promissory note of the debtor is no payment unless expressly so agreed. *Blunt v. Walker*, 11 Wis., 350; *Eastman v. Porter*, 14 id., 46; *Paine v. Voorhees*, 26 id., 526; *Ford v. Mitchell*, 15 id., 304; *Webster v. Stadden*, 14 id., 277; *Williams v. Starr*, 5 id., 534; *Matteson v. Ellsworth*, 33 id., 488; *Aultman v. Jett*, 42 id., 488; *Johnson v. Johnson*, 11 Mass., 359; *Gibson v. Tobey*, 53 Barb., 195; 1 Cranch, 181; 10 Pet., 568; 14 How., 240; 15 Johns., 225. The giving of a new note by one of two joint and several makers, as a provision for a former note, is no defense to an action on the original note.. *Cole v. Sackett*, 1 Hill, 516; *Smith v. Rogers*, 17 Johns., 340; *Highland Bank v. Dubois*, 5 Denio, 558; *Bates v. Rosekrans*, 37 N. Y., 410; *Claflin v. Ostrom*, 54 id., 585; 5 Wend., 85; 3 Denio, 410; 18 Wis., 481; 2 Gill & J., 493; *Waydell v. Luer*, 5 Hill, 448; *Elwood v. Deifendorf*, 5 Barb., 408; *Jagger Iron Co. v. Walker*, 76 N. Y., 521; *Feldman v. Beier*, 78 id., 293. So, if the creditor accept the note of a third person, this is no payment of the debtor's obligation, unless expressly so agreed. *Ford v. Mitchell*, 15 Wis., 304; *Noel v. Murray*, 13 N. Y., 167; *Marschuetz v. Wright*, 50 Wis., 175; *Johnson v. Weed*, 9 Johns., 310; *Smith v. Ryan*, 66 N. Y., 352; *Matteson v. Ellsworth*, 33 Wis., 488, 502; *Tobey v. Barber*, 5 Johns., 68. And the taking of a collateral of a higher nature, whether from the principal or a stranger, does not preclude the creditor from suing on the first contract, although judgment may have been entered on such collateral security, if it remains unsatisfied. *Day v. Leal*, 14 Johns., 404; *Chipman v. Martin*, 13 id., 244; *Drake v. Mitchell*, 3 East, 251; *Bank v. Hyde*, 4 Cow., 567.

Stanton vs. Caffee and husband.

For the respondents there was a brief by *N. E. Tully* and *Orton & Osborn*, and oral argument by *Mr. Orton*. They contended, *inter alia,* that written instruments will not be reformed except upon the most clear and positive proof of mistake or fraud in reducing them to writing. And the mistake must have been mutual. *Lake v. Meacham,* 13 Wis., 355; *Harter v. Christoph,* 32 id., 245. The debts to secure which the notes and mortgages were given were the debts. of *Henry B. Caffee,* and not of his wife. The land was her separate property, and she executed the papers simply as surety for her husband. Conceding the mistake to have been made as alleged, no reformation can be decreed as to her. *Petesch v. Hambach,* 48 Wis., 443; *Eaton v. Eaton,* 15. id., 259; *Smith v. Wood,* 12 id., 382.

LYON, J. The question to be determined is whether the finding of the court that nothing was due the plaintiff when the action was commenced, on either of the notes in suit, is sustained by the evidence.

1. As to the note of November 22, 1875. It is conceded that the interest on this note to January 29, 1878, was paid. On November 22, 1878, there became due thereon for interest $19.26, and if none was paid there was due for interest November 22, 1879, $42.76. No more became due before the commencement of this action, July 23, 1880. The note of May 6, 1879, included $41 of interest on one or both of the other notes. The plaintiff claims and testifies that it was expressly understood and agreed by the parties that the latter note was not received by him as *payment* of interest, and was not to be indorsed on the other notes until paid. The defendant *Henry B. Caffee* testified that the note " was received as a payment on the first note, and he (plaintiff) agreed to indorse it on the note." He testified to no other word or act of the plaintiff upon which he predicates his statement that plaintiff received the note as payment. That statement is.

rather an inference drawn by the witness without facts to support it, than the statement of a fact. Although there is an apparent conflict between the testimony of plaintiff and defendant *Henry B. Caffee* on the subject, we think their testimony is reconcilable. *Caffee* says that plaintiff agreed to make' the indorsement. Plaintiff says he did so agree, but not until he received the money on the small note. *Caffee* does not expressly negative this testimony as to when the indorsement should be made. Mr. Monahan, who drew the note and was present when the negotiations took place between the parties which resulted in the giving of it, was unable to recollect when the indorsement should be made — whether before or after payment of the note.

It is our duty to reconcile this apparently conflicting testimony, if it can reasonably be done, and we think it is reasonably reconcilable as above suggested. In this view of the testimony, under the uniform decisions of this court, cited in the brief of counsel for plaintiff, the giving of the note for $51 was not a payment of any portion of the interest on the other notes, and hence there was due on the note of November 22, 1875, when the action was commenced, $42.76, less $17.35,— the price of the hogs,— which we are of the opinion should be so applied. The plaintiff was, therefore, entitled to judgment for some amount, and it was error to dismiss the complaint. This is so clear from the testimony that the finding of the learned circuit judge to the contrary cannot be upheld.

2. The conclusion above stated concerning the first note necessarily leads to a reversal of the judgment. But in order to direct the proper judgment to be entered, it is necessary to determine how much is due upon the note of January 29, 1878. This brings us to the question whether the words " after maturity " were or were not properly retained therein, which is the only matter in controversy. This note was drawn by writing, in a printed blank, the date, when

due, name of payee, amount, and place of payment. The words "after maturity" are printed, and not erased. We have no doubt they should have been erased to effectuate the intention of the parties. The subsequent clause, "a failure to pay the interest as herein agreed makes this note wholly due and payable, and the holder may then proceed to collect principal and interest," is utterly incompatible with the idea that the note should not draw interest until after maturity. The note, considered alone, is ambiguous. But this ambiguity is fully explained, and the intention of the parties made manifest, by a condition in the mortgage given to secure it. That condition is that the defendants pay the plaintiff $175.25 "five years from date, with ten per cent. per annum, annually, according to the condition of one certain promissory note bearing even date herewith," etc. Here the defendants describe the note of January 29, 1878, and stated its terms as they understand and intended them to be. It is too clear for argument that the words "with ten per cent. per annum, annually," means with interest at ten per cent. per annum, payable annually. They admit no other construction, and can have no other signification. It is equally clear that the note described in the mortgage draws interest from its date. Hence, upon the note and mortgage alone, we should not hesitate to hold that the words "after maturity" have no proper place in the note, and should be erased or disregarded. The parol testimony fully sustains this view. The defendant *Henry B. Caffee* merely denies that there was any conversation about interest between the parties when the note was made, while the other testimony and all of the reasonable probabilities of the case convince us that the note which the parties intended is correctly described in the mortgage. The giving of the note and mortgage constitute one transaction, and these instruments must be considered together for the purposes of the construction of either. So considering

them, in the light of the parol testimony, we must hold that the mortgage correctly describes the note which the parties intended, and thus explains the ambiguity in the note. Under that explanation the words "after maturity" in the note must be rejected, and interest thereon computed from its date. Both notes having become due, the plaintiff must have judgment for the whole amount of. both — principal and interest — remaining unpaid.

*By the Court.*— Judgment reversed, and cause remanded with directions to the circuit court to enter judgment for the plaintiff as indicated in this opinion.